# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. SCHAUF, | Case No. 1:15-cv-01172-SKO |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| AMERICAN AIRLINES, | (Doc. 3) |
| Defendant. | |

## I.   INTRODUCTION

On August 4, 2015, Defendant American Airlines, Inc., erroneously named as "American Airlines" ("Defendant") filed a motion to dismiss Plaintiff John A. Shauf's ("Plaintiff") complaint and a request for judicial notice of documents filed in Stanislaus Superior Court prior to removal of the action to federal court. (Docs. 3; 4; 5.) On September 9, 2015, Plaintiff filed a "Notice of Objection" with a declaration of facts and accompanying exhibits in opposition to Defendant's motion (Doc. 9), and on September 14, 2015, Defendant filed a reply brief (Doc. 15).  Having reviewed the parties' papers and all supporting material, the matter was found suitable for decision without oral argument pursuant to Local Rule 230(g), and the September 23, 2015, hearing was vacated.

For the reasons set forth below, Defendant's motion to dismiss is DENIED.[1]

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge for all purposes. (Docs. 12; 13.) The court does not consider Defendant's consent to magistrate judge jurisdiction, however, to be an "appearance" sufficient to waive its right to assert invalid service under Rule 12(b)(5). (Doc. 8.)

## II.     BACKGROUND

**A.     Factual Background**[2]

Plaintiff alleges he is a flight attendant with over 18 years of experience on regional, national, and international airlines.  He was hired by American Airlines in May of 2013 and began his first day of post-hire training on or about June 18, 2013.  As a condition of his hiring, Plaintiff was required to pass security and medical background checks.  In the course of his medical background check, Plaintiff revealed that "he had a disabling episode after 2009, that he was hospitalized for depression in 2010, and that he had anxiety and depression, but was not taking any medication at the time of the hiring process.  He also also [*sic*] executed a form confirming he received Medi-Care Part D benefits."  (Am. Compl., pp. 2-3.)   An American Airlines representative informed Plaintiff that, provided he could produce a letter demonstrating he was medically stable, he could continue working for American Airlines.  If he began taking medication, he would have to meet certain additional criteria in order to continue working for American Airlines.  Plaintiff was cleared by a physician for training, and because he met the "off medication and stable" documentation criteria, Plaintiff continued training.  (Am. Compl., p. 3.)

Plaintiff experienced additional anxiety during training and told Class Manager Deborah Tierney "he might need to go back on medication he was taking for anxiety."  (Am. Compl., p. 3.) Plaintiff was sent home on July 16, 2013, and over the course of the following weeks, was informed of several conflicting requirements to be medically cleared to return to work.  (Am. Compl., pp. 3-4.)  On August 19, 2013, Plaintiff achieved the required period of stability, having been stable on medication for 31 days, and was cleared for work by his physician.  Upon notifying Defendant he was medically cleared, Plaintiff was informed for the first time that the decision of whether to place him back into the training rotation was a "training/recruiting" decision rather than a strictly medical issue. (Am. Compl., p. 4.)  Ultimately, Plaintiff was not returned to the training rotation and on September 6, 2013, he was "fired from the company."  Am. Compl., p. 4. Plaintiff

---

[2] Plaintiff's allegations are drawn from the amended complaint and are not factual findings made by the Court. (Doc. 5 ("Am. Compl.").)  This is not an exhaustive summary of Plaintiff's allegations.  Only those allegations relevant to the instant motion to dismiss will be included in this factual summary.

alleges "[i]t is clear that [he] was fired because of his need for mental health medication, ie [*sic*] because of his disability or American Airlines' perception that he had a disability." (Am. Compl., pp. 4-5.)

Plaintiff alleges American Airlines violated: (1) the Americans with Disabilities Act, 42 U.S.C. § 20101, requiring reasonable accommodation and preventing discrimination based on disability or perceived disability, and (2) the California Fair Employment and Housing Act ("DFEH"), Cal. Govt. Code §§ 12940 *et seq.*, requiring an employer to engage in the interactive process. (Am. Compl., p. 5.) Plaintiff alleges he "has suffered economic and emotional distress damages" due to American Airlines' conduct and has "lost approximately $55,000.00 in salary and the seni[o]rity he would have had if the airline had not [ ] engaged in their egregious actions." Plaintiff also states that he has been unable to find work following his termination due to American Airlines' "defaming [his] good character and . . . providing negative work reference to potential employer[s]." (Am. Compl., p. 5.) Plaintiff asks the Court to "return [him] to where he would have been had he not been fired[,]" by ordering American Airlines to return him to training, provide him with any "necessary accommodations for his successful completion," pay him back wages of $55,000, provide an apology letter to Plaintiff "for the extreme pain he has endured," and pay "an unlimited amount of punitive damages that the court may see fit and deem appropriate." (Am. Compl., p. 5.)

**B.     Procedural Background**

Plaintiff was terminated on September 6, 2013,[3] and filed a "joint EEOC [Equal Employment Opportunity Commission] and DFEH Charge with the EEOC" alleging he was wrongfully terminated. (Am. Compl.) On May 7, 2014, the EEOC mailed Plaintiff a Notice of Right to Sue. (Am. Compl., p. 12-14.) On May 7, 2015, Plaintiff filed his Complaint with the Superior Court of Stanislaus County in accordance with the EEOC Right to Sue letter. (Compl.) On June 12, 2015, Plaintiff filed a first amended complaint with the Superior Court of Stanislaus

---

[3] Plaintiff also uses the date July 18, 2013, as a date of termination elsewhere in his amended complaint. It is unclear whether this alternative date is Plaintiff's alleged "constructive" date of termination, as he states he was ordered by Class Manager Deborah Tierney to go home and take a week's leave of absence from training on July 16, 2013. (*See* Am. Compl., pp. 2-3.)

3

1  County. (Am. Compl.) Attached to his first amended complaint was a United States Postal
2  Service Priority mail return receipt, confirming delivery by Certified Mail to "Mellisa A. Remig,
3  Senior Attorney, American Airlines, MD 5875, PO BOX 619616, DFW/Airport, TX 75281-
4  9616." (Am. Compl., p. 25.) On July 28, 2015, Defendant timely removed the action to federal
5  court pursuant to 28 U.S.C. § 1332.[4]

6  On August 4, 2015, Defendant filed a motion to dismiss Plaintiff's complaint, which is
7  currently pending before the Court. (Doc. 4.) Defendant concurrently filed its Request for
8  Judicial Notice which includes several court documents from the Stanislaus Superior Court
9  proceedings. (Doc. 5.) On September 9, 2015, Plaintiff filed his "Notice of Objection to Motion
10 to Dismiss" which includes copies of a letter, a receipt, and a domestic return receipt confirmation
11 in support of his objection.[5] (Doc. 9.) On September 14, 2015, Defendant filed its reply.
12 (Doc. 15.)

### III.   REQUEST FOR JUDICIAL NOTICE

A court may take judicial notice of an adjudicative fact, which "must be one not subject to reasonable dispute in that it is either (1) generally known . . . (2) or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The Court may also "take judicial notice of proceedings in other courts, both within and without the federal system, if those proceedings have a direct relation to matters at issue," *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citation omitted), although "taking judicial notice of findings of fact from another case exceeds the limits of Rule 201," *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003) (overruled in part on other

---

[4]   Defendant stated in its Notice of Removal that removal was timely because service had never been properly effectuated. (Doc. 1, p. 3.)

[5]   Defendant requests the Court reject Plaintiff's "Unverified, 'Factual' Narrative" "in its entirety" as it lacks a signed and dated declaration under penalty of perjury, as is required by 28 U.S.C. § 1746 and this Court's Local Rule 230(h), lacks foundation, and contains no legal argument or authority, only "rampant speculation." (Doc. 15.) While Plaintiff's objection is deficient in multiple respects, his verification or attachment of a declaration to his "objection" has no bearing on the instant motion to dismiss the amended complaint, which is predicated on the adequacy of service and contents of the amended complaint itself. *See* Fed. R. Civ. P. 12(b)(5), 12(b)(6), 12(e).

With limited exceptions not present here, a court's review is limited to the four corners of the pleading, *U.S. v. Corinthian Colleges*, 655 F.3d 984, 991 (9th Cir. 2011) (citing *Schneider v. California Dept. of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)), and the moving party may focus its argument on whether newly pled allegations entitle the non-moving party to an opportunity to amend its pleading, *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

grounds, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014)). A court's consideration of documents attached to a complaint or incorporated by reference or matters of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court *may* look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

Court documents and other matters of public record are the proper subject of judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Where judicial notice of a document is granted, it is the existence of such a document and not the truth of the matters asserted within the document that is judicially noticed. *See Rowland v. Paris Las Vegas*, No. 3:13-CV-02630, 2014 WL 769393, at *3 (S.D. Cal. Feb. 25, 2014). Defendant requests judicial notice of court documents filed in the underlying case, *Schauf v. American Airlines,* Stanislaus County Superior Court Case No. 20114498, (Doc. 5, Exhs. A (Complaint), B (Amended Complaint)), and of a declaration filed in the instant case (Doc. 5, Exh. C ("Declaration of Asilia Backus in Support of Removal")).

Plaintiff has not opposed this request, and the authenticity of these documents is not in dispute. Such documents are proper subjects of judicial notice insofar as the fact that such documents exist – the *contents* of the documents, however, are not the subject of judicial notice. Defendant's requests for judicial notice of these documents is GRANTED.

**IV. DISCUSSION**

Defendant asks the Court to dismiss the amended complaint pursuant to Rule 12(b)(5) for insufficient service of process. (Doc. 4, pp. 4-5.) In the alternative, Defendant moves to dismiss Plaintiff's amended complaint under Rule 12(b)(6) or for the Court to order Plaintiff to file a more definite statement under Rule 12(e). (*See* Doc. 4, pp. 5-11.) Because the Court agrees that service was not perfected as required by Rule 4, as discussed in more detail below, the Court is without jurisdiction to consider Defendant's alternate arguments for dismissal. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (noting that "[d]efendants must be served in accordance with

[R]ule 4(d) of the Federal Rules of Civil Procedure, or there is no personal jurisdiction").

Plaintiff, however, still has time remaining to effectuate service upon Defendant. *See* 28 U.S.C. § 1448 (120-day period to effect service starts to run upon removal to federal district court, not the date the action originated in state court); *Remy v. HDR Eng'g, Inc.*, No. CIV. S-05322-LKK-PAN, 2005 WL 1925902, at *2 (E.D. Cal. Aug. 8, 2005). The Court thus DENIES Defendant's Rule 12(b)(5) motion and DENIES, without reaching the merits and without prejudice to Defendant's right to raise these arguments again after service has been perfected, the remainder of its motion as moot.

**A.     Plaintiff Has Not Perfected Service of the Summons and Complaint Upon Defendant in Accordance with California State Law**

Defendant contends Plaintiff's Complaint must be dismissed for inadequate service of process because "the Amended Complaint was mailed to the attention of a person not employed by Defendant who also was not an officer or agent for service of process[.]" (Doc. 4, p. 5.) Plaintiff contends he attempted to complete proper service by sending by certified mail a copy of the amended complaint on Melissa Romig, an attorney whom he understood to be a "Senior Attorney" with American Airlines. (Doc. 9.) Defendant contends that because Ms. Romig was "not employed by Defendant" and "was not an officer or agent for service of process, service was ineffective." (Doc. 4, p. 7.)

**1.     Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(5)**

Under the Federal Rule of Civil Procedure 12(b)(5), a defendant may challenge any departure from the proper procedure for serving the summons and complaint as "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Once a defendant challenges service of process, the plaintiff has the burden of establishing the validity of service of process under Rule 4. *See, e.g., Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *Corona v. Verderosa*, No. 2:14-cv-01473-MCE-AC, 2015 WL 1469324, at *4-5 (E.D. Cal. Mar. 27, 2015). As a general principle, "Rule 4 is a flexible rule that should be liberally construed," *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984), and "substantial compliance with the service requirements of Rule 4 is sufficient so long as the opposing party receives sufficient notice," *Daly-Murphy v. Winston*, 837 F.2d 348, 355

n. 4 (9th Cir.1987). The sufficient notice exception also "contains a justifiable excuse requirement." *Id.* (internal quotations omitted). A party's *pro se* status, alone, is not a justifiable excuse for the defect. *See Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992) (concluding that *pro se* plaintiff had not properly served defendants and that he lacked good cause for the defective service).

Additionally, the Ninth Circuit Court of Appeals has held that a party's failure to strictly comply with Rule 4's service requirement does not warrant dismissal if "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Borzeka*, 739 F.2d at 447 (adopting exception to strict compliance for service made upon the United States government).

**2.  Service of the Summons and Amended Complaint Was Not Perfected upon Defendant**

Federal Rule of Civil Procedure 4(h)(1)(A) governs service on corporate entities, such as Defendant, and requires that service on a corporate entity be made either in the manner prescribed by Rule 4(e)(1) for serving an individual personally[6] or by "following state law[7] for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Alternatively, Rule 4(h)(1)(B) permits service of a corporate entity by personally "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to

---

[6] With respect to Rule 4(e)(1), California state law allows a plaintiff to serve a defendant by personal delivery of a summons and complaint. Cal. Civ. P. Code § 415.10. "If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served," Cal. Civ. P. Code § 415.20(b) also permits an individual to "be served by leaving a copy of the summons and complaint at the person's . . . usual place of business . . . in the presence of . . . a person apparently in charge of his or her office [or] place of business, . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."

[7] With respect to California state law governing service of a corporate entity, under Cal. Civ. P. Code § 416.10(a)-(b), process may be served on a corporation "by delivering a copy of the summons and the complaint . . . [t]o . . . the person designated as agent for service of process[,] . . . a general manager, or person authorized by the corporation to receive service of process." A "general manager," under the California statute has been interpreted to "include [ ] any agent of the corporation 'of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made.'" *Gray v. Mazda Motor of Am., Inc.*, 560 F. Supp. 2d 928, 930 (C.D. Cal. 2008) (quoting *Gibble v. Car-Lene Research, Inc.*, 67 Cal.App.4th 295, 78 Cal.Rptr.2d 892 (Cal. Ct. App. 1998)).

7

receive service of process and -- if the agent is one authorized by statute and the statute so requires -- by also mailing a copy of each to the defendant[.]"

Plaintiff has failed to meet his burden of demonstrating that he complied with Rule 4(h)(1)(A). In his "notice of objection," Plaintiff states he attempted to effectuate service by certified mail. (*See* Doc. 9 ("I in good faith served defendant by certified mail to what I understood to be an attorney of American [Airlines]").) However, certified mail is not sufficient under either prong of Rule 4(h)(1). Rule 4(h)(1) does not provide for service by mail. *See* Fed. R. Civ. P. 4(h)(1)(A), (B); *see also Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011) (noting that certified mail does not constitute "delivering" under Rule 4). Plaintiff has also failed to satisfy Rule 4(h) because Defendant is incorporated in the state of Delaware with its principal place of business in Fort Worth, Texas. Certified mail is not a valid way of effectuating service of a foreign corporation under California law. *See* Cal. Civ. P. Code §§ 415.40; 416.10(a)-(b).

Section 415.40 provides in pertinent part:

> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing.

Because Defendant is a corporate entity, Plaintiff was also required to comply with the mandates of section 416.10. That section details how a plaintiff is to serve a summons on a corporate defendant and provides in relevant part:

> "A summons may be served on a corporation by delivering a copy of the summons and of the complaint:
>
> [¶] . . . [¶]
>
> "To the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process."

Cal. Civ. P. Code § 416.10, subd. (b). Though Plaintiff submitted what appears to be a return receipt confirmation for delivery of a copy of the summons and amended complaint upon an attorney in Dallas/Fort Worth, this is not sufficient proof that the summons and complaint were "delivered to the president or other officer, manager, or person authorized to receive service in

accordance with section 416.10." Thus, service had not been properly effected.

### 3. Because Service of Process Was Not Perfected upon Defendant, the Court Lacks Personal Jurisdiction over Defendant

It is axiomatic that a court cannot exercise jurisdiction over a defendant without proper service of process pursuant to Rule 4. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also Securities & Exchange Comm'n v. Ross,* 504 F.3d 1130, 1140 (9th Cir. 2007) ("'[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4.'" (citations omitted)); *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 853-54 (9th Cir. 1992) (failed attempt at service under Federal Rules is not effective even if defendant received actual notice of action). Because Defendant was not properly served, the Court does not have personal jurisdiction over Defendant and therefore lacks jurisdiction over this action and over Defendant's motions to dismiss pursuant to Rules 12(b)(6) and 12(e).

### B. The Action Is Not Subject to Dismissal Pursuant to Rule 12(b)(5), Because Plaintiff Still Has Time to Effectuate Service upon Defendant Pursuant to Rule 4(m)

As discussed above, the amended complaint was not properly served upon Defendant, and therefore the Court does not have jurisdiction over this action. However, dismissal of the action is not appropriate because Plaintiff is within the 120 days period provided to complete service of process. Fed. R. Civ. P. 4(m). The 120-day period set forth in Rule 4(m) starts to run upon removal to the federal district court, not on the date the action originated in state court. 28 U.S.C. § 1448;[8] *Vasquez v. N. County Transit Dist.*, 292 F.3d 1049, 1053 (9th Cir. 2002).

Plaintiff failed to correctly serve the summons and amended complaint upon Defendant in accordance with California state law prior to removal to federal court. (*See supra*.) This action

---

[8] Per 28 U.S.C. § 1448, Plaintiff had 120 days to perfect service upon Defendant *from the date of removal to federal court*:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

was removed to federal court on July 28, 2015. (Doc. 1.) Therefore, Plaintiff has until November 25, 2015, to effectuate service upon Defendant pursuant to California state law. 28 U.S.C. § 1448.

**B.   *Pro Se* Plaintiffs Are Not Entitled to Recover Attorney's Fees**

Defendant contends that Plaintiff is unable to recover attorney's fees as a matter of law. (Doc. 4, p. 13.) While the Court lacks jurisdiction at this time to rule on Defendant's motion to strike attorney's fees from the amended complaint, Plaintiff is cautioned that "[i]t is well settled law that pro se litigants may not recover attorney's fees." *Konkol v. Oakwood Worldwide Local, LLC*, No. 2:14-CV-06596-ODW, 2015 WL 46177, at *4 (C.D. Cal. Jan. 2, 2015) (citing *Kay v. Ehrler*, 499 U.S. 432, 436-37 (1991)).

## IV.   CONCLUSION AND ORDER

For the reasons set forth above, Defendant's motion to dismiss is DENIED. Accordingly, it is HEREBY ORDERED that:

1. Defendant's motion to dismiss the amended complaint under Rule 12(b)(5) is DENIED;
2. Defendant's alternate motions to dismiss the amended complaint under Rules 12(b)(6) and 12(e) are DENIED without prejudice for lack of jurisdiction;
3. Defendant's motion to strike the demand for attorney's fees is DENIED for lack of jurisdiction;
4. Plaintiff is ORDERED to file proof of service of the summons and amended complaint upon Defendant by no later than December 2, 2015. Such proof of service must demonstrate that service was effectuated upon Defendant in accordance with California state law on or before **November 25, 2015**.

IT IS SO ORDERED.

Dated:   **September 24, 2015**                    **/s/ Sheila K. Oberto**
                                                                            UNITED STATES MAGISTRATE JUDGE