# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. SCHAUF,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN AIRLINES,<br><br>　　　　Defendant.<br>_____/ | Case No. 1:15-cv-01172-SKO<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>(Doc. 34) |

## I.   INTRODUCTION

On April 18, 2016, Defendant American Airlines, Inc., erroneously named as "American Airlines" ("Defendant") filed a motion to dismiss Plaintiff John A. Shauf's ("Plaintiff") second amended complaint and a request for judicial notice of documents filed in this action in both state and federal court. (Docs. 34-1; 34-2.) Plaintiff did not timely file an opposition. (*See* Docket.) After review of the parties' briefs and arguments, the matter was found suitable for decision without oral argument pursuant to Local Rule 230(g), and the hearing date was vacated.

For the reasons set forth below, Defendant's motion to dismiss the Amended Complaint and motion to strike Plaintiff's demand for attorneys' fees is GRANTED with prejudice and without leave to amend.

## II.   BACKGROUND

**A.   Factual Background**[1]

Plaintiff's "amended complaint is based on discrimination based on disability, failure to engage in the interactive process, gross negligence and violation of the compromise and release executed by [Plaintiff] and [Defendant] (formerly US Airways) and violation of medical confidentiality and confidentiality of employee records." (Doc. 28 (Second Amended Complaint), pp. 2-3.) Plaintiff alleges three causes of action: discrimination in violation of Cal. Govt. Code § 12940(e)(1), negligence in "fail[ing] to provide a safe, and secure environment for [Plaintiff] while in training, and "violation of prior compromise and release and confidentiality laws." (*Id.*, pp. 3-5.)

Plaintiff alleges he is a flight attendant with over 18 years of experience on regional, national, and international airlines. He was hired by American Airlines in May of 2013 and began his first day of post-hire training on or about June 18, 2013. As a condition of his hiring, Plaintiff was required to pass security and medical background checks. In the course of his medical background check, Plaintiff revealed that "he had a disabling episode after 2009, that he was hospitalized for depression in 2010, and that he had anxiety and depression, but was not taking any medication at the time of the hiring process. He also also [*sic*] executed a form confirming he received Medi-Care Part D benefits." (*Id.*, pp. 6-8.) An American Airlines representative informed Plaintiff that so long as he was no longer medicated and could produce a letter demonstrating he was medically stable, he could continue working for American Airlines. If he began taking medication, he would have to meet certain additional criteria in order to continue working for American Airlines. Plaintiff was cleared by a physician for training, and because he met the "off medication and stable" documentation criteria, Plaintiff continued training. (*Id.*, p. 8.)

On July 16, 2013, Plaintiff had money stolen from his flight bag in an American Airlines training classroom and reported the matter to American Airlines personnel and filed a police

---

[1]   Plaintiff's allegations are drawn from the Second Amended Complaint and are not factual findings made by the Court. (Doc. 28 ("Sec. Am. Compl.").) Plaintiff's Second Amended Complaint is comprised of two parts: a five-page handwritten cover sheet, and a copy of Plaintiff's First Amended Complaint with the words "2nd Amended Complaint" handwritten below the caption. (*Compare* Doc. 1 *with* Doc. 28.)

2

report.  As a result of American Airlines personnel's "fail[ure] to take the matter seriously[,]" Plaintiff experience additional anxiety and told Class Manager Deborah Tierney "he might need to go back on medication he was taking for anxiety."  (*Id.*)  Plaintiff was assured he was not fired, but was sent home and instructed to return in one week to resume training.  In a letter dated July 23, 2013, Plaintiff was instructed to obtain a physician's note clearing him for return to work and required to be "off medication for 30 days[.]"  (*Id.*)  On August 1, 2013, Plaintiff spoke with American Airlines' recruiting staff, who informed him "that after he cleared the medical requirements he would be placed back into the training program where he left off."  (*Id.*)  That same day, Plaintiff's physician spoke with American Airlines medical staff nurse "Doom," who clarified that Plaintiff would have to demonstrate a 30-day "period of stability" prior to reentering the program.  (*Id.*, pp. 8-9.)

On August 19, 2013, Plaintiff achieved the required period of stability, having been on medication for 31 days.  Plaintiff's physician sent a note clearing Plaintiff to return to training to American Airlines.  When Plaintiff followed up with Nurse Doom, she informed him for the first time that it was "up to American Airlines training/recruiting staff whether [Plaintiff would be] placed back in rotation."  (*Id.*, p. 9.)  Plaintiff inquired as to whether any other medical issues existed "preventing him from returning to training" and Nurse Doom "indicated there were not." (*Id.*)  However, on September 6, 2013, Plaintiff "was fired" from American Airlines.  (*Id.*) Plaintiff alleges "[i]t is clear that [he] was fired because of his need for mental health medication, ie [*sic*] because of his disability or American Airlines' perception that he had a disability." (*Id.*, pp. 9-10.)

Plaintiff alleges American Airlines violated the Americans with Disabilities Act, 42 U.S.C. § 20101, requiring reasonable accommodation and preventing discrimination based on disability or perceived disability, and violated the California Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code §§ 12940 *et seq*., requiring an employer to engage in the interactive process.  (*Id.*, p. 10.)  Plaintiff alleges Defendant's "arbitrary" change in policy was impermissibly prompted by his disability "in that [American Airlines] initially passed [Plaintiff] for medical after a background check, then brought up the medical issue again, and then terminated him for supposed

3

background check violations." (*Id.*, p. 9.) Plaintiff further alleges these actions were "in complete violatio[ ]n [of] laws protecting disabled persons in that they must be able to determine which criterion they are being denied for and must be in the order of background first, then medical." (*Id.*) Finally, Plaintiff objects to "the alleged character questions brought about by a person c[la]iming to be his sister [which] were not corroborated and constitute a participation in professional slander."[2] (*Id.*)

Plaintiff alleges he "has suffered economic and emotional distress damages" due to Defendant's conduct. Plaintiff states that he has "lost approximately $55,000.00 in salary and the seni[o]rity he would have had if the airline had not [ ] engaged in their egregious actions." (*Id.*, p. 10.) Further, Plaintiff states that he has been unable to find work following his termination due to American Airline's "defaming [his] good character and . . . providing negative work reference to potential employer[s]." (*Id.*) Plaintiff requests the Court enjoin Defendant from "defaming [P]laintiff's good character" and from "refus[ing] to admit [P]laintiff to [its] training and employment." (*Id.*) Plaintiff seeks $1,155,000 in general damages, $55,000 in lost past and future wages, "unlimited" punitive damages, to be returned to work with seniority as of June 18, 2013, interest, costs of suit, and attorneys' fees.[3] (*Id.*)

**B.   Procedural Background**

Plaintiff was terminated on September 6, 2013,[4] and filed a "joint EEOC and DFEH Charge with the EEOC" alleging he was wrongfully terminated. On May 7, 2014, Plaintiff alleges the EEOC mailed him a Notice of Right to Sue. On May 7, 2015, Plaintiff filed his Complaint with the Stanislaus County Superior Court in accordance with the EEOC Right to Sue letter. On June 12, 2015, Plaintiff filed a first amended complaint with the Stanislaus County Superior Court. On July 28, 2015, Defendant timely removed the action to federal court pursuant to 28 U.S.C.

---

[2]   The Court notes that this allegation is not referenced elsewhere in the Second Amended Complaint and there is no cause of action for slander.

[3]   Plaintiff includes this demand for attorney's fees in spite of this Court's order that "if he proceeds pro se in this matter, he will not be entitled to attorneys' fees and therefore should not include a demand for attorneys' fees in his Second Amended Complaint. (*See* Doc. 25, p. 18 (emphases in original).)

[4]   Plaintiff also uses the date July 18, 2013, as a date of termination elsewhere in his amended complaint. The Court has construed this as his "constructive" date of termination, as he states he was ordered to go home and take a week's leave of absence from training on July 16, 2013, by Class Manager Deborah Tierney. (*See* Sec. Am. Compl., pp. 7-8.)

§ 1332.[5]  On January 11, 2016, the Court dismissed Plaintiff's First Amended Complaint with leave to amend to address the deficiencies in the pleadings identified in the Court's order; on April 1, 2016, Plaintiff filed his Second Amended Complaint.

On April 18, 2016, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative to strike Plaintiff's demand for attorneys' fees and order Plaintiff to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e).  (Doc. 34.)  No opposition was timely filed.  (*See generally*, Docket.)

### III. REQUEST FOR JUDICIAL NOTICE

A court may take judicial notice of an adjudicative fact, which "must be one not subject to reasonable dispute in that it is either (1) generally known . . . (2) or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  The Court may also "take judicial notice of proceedings in other courts, both within and without the federal system, if those proceedings have a direct relation to matters at issue," *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citation omitted), although "taking judicial notice of findings of fact from another case exceeds the limits of Rule 201," *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003) (overruled in part on other grounds, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014)).

Court documents and other matters of public record are the proper subject of judicial notice.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  However, even where judicial notice of a document is granted, it is the existence of such a document and not the truth of the matters asserted within the document that is judicially noticed.  *See Rowland v. Paris Las Vegas*, No. 3:13-CV-02630, 2014 WL 769393, at *3 (S.D. Cal. Feb. 25, 2014).  Defendant requests judicial notice of court documents filed in the underlying case, *Schauf v. American Airlines,* Stanislaus County Superior Court Case No. 20114498.  (Doc. 34-2, Exhs. A (Complaint), B (Amended Complaint).)

//

---

[5] Defendant stated in its Notice of Removal that removal was timely because service had not yet been properly effectuated.  (Doc. 1, p. 3.)

5

Plaintiff has not opposed this request, and the authenticity of these documents is not subject to dispute. Such documents are proper subjects of judicial notice as to the *existence* of the documents – the *contents* of the documents are not the subject of judicial notice. Defendant's request for judicial notice of these documents is GRANTED.

## IV. DISCUSSION

**A.     Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) is GRANTED**

Defendant contends Plaintiff's Amended Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. 34-1.) Plaintiff appears to plead facts in support of four causes of action arising out of his alleged hiring and/or firing from American Airlines' training program: discrimination under Cal. Govt. Code § 12940 *et seq.*, failure to engage in the interactive process, negligence, and "violation of prior compromise and release and confidentiality laws." (*See* Sec. Am. Compl., pp. 1-5.)

### 1.     Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face[,]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In making this context-specific evaluation, the court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v.*

*Allain*, 478 U.S. 265, 286 (1986)), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).

Determining whether a complaint survives a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Balistreri*, 901 F.2d at 699.  Courts may not supply essential elements not initially pled, *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), but "[c]ourts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants," *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). *See also Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc) (the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt).

Further, pro se complaints "may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)).  "This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." *Blaisdell*, 729 F.3d at 1241.  However, a pro se plaintiff must still allege facts sufficient to allow a reviewing court to determine that a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**2.     Plaintiff's First Cause of Action for Discrimination is Insufficiently Pled**

Section 12940(a) provides, in pertinent part, that it is an unlawful employment practice "[f]or an employer, because of the . . . mental disability[6] [or] medical condition . . . of any person,

---

[6]     FEHA defines "mental disability" as a "mental or psychological disorder or condition, such as . . . emotional or mental illness . . . that limits a major life activity[,]" including working. Cal. Govt. Code § 12926(j)(1).  Also embraced in this section is "[h]aving a record or history of a mental or psychological disorder or condition . . . which

7

to refuse to hire or employ the person or . . . discharge the person from employment . . . or to discriminate against the person in compensation or in terms, conditions or privileges of employment." Cal. Govt. Code § 12940(a).  A *prima facie* disability discrimination claim requires that Plaintiff show that he (1) suffered from a disability, or was regarded as suffering from a disability; (2) could perform the essential duties of the job with or without reasonable accommodations; and (3) was subjected to an adverse employment action because of the disability or perceived disability.  *Achal v. Gate Gourmet, Inc.*, No. 15-CV-01570-JCS, 2015 WL 4274990, at *7 (N.D. Cal. July 14, 2015) (citing *Wills v. Super. Ct.*, 195 Cal. App. 4th 143, 159-60 (2011)); *Guz v. Bechtel*, 24 Cal. 4th 317, 355 (2000).

"Essential duties" are defined as "the fundamental job duties of the employment position of the individual with a disability holds or desires." Cal. Govt. Code § 12926(f)(1).  Determining the essential functions of a position requires a highly fact-intensive inquiry.  *Lui v. City & Cnty. of San Francisco*, 211 Cal. App. 4th 962, 971 (2012).  The standard for determining whether an employee has been subjected to "adverse employment action" is whether the employment action materially affected the "terms and conditions of employment," with that term being liberally construed to afford employees "appropriate protection against employment discrimination."  Cal. Govt. Code §§ 12940(a) and (h); *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1054 (2005). California courts have held that termination, dissemination of a negative employment reference, and issuance of a negative performance evaluation constitute adverse employment actions.  *Brooks v. City of San Mateo*, 229 F.3d 917, 928-29 (9th Cir. 2000).  To satisfy the third element of a section 12940(a) disability discrimination claim, the plaintiff's disability must have been a "substantial motivating factor" in the particular employment decision.  *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 233 (2013).

Liberally construed, Plaintiff's Second Amended Complaint fails to plead any facts suggesting a discriminatory motive.  Despite guidance from this Court in its order dismissing

---

is known to the employer" or "[b]eing regarded or treated by the employer . . . as having, or having had, any mental condition that makes achievement of a major life activity difficult . . . [or] having, or having had, a mental or psychological disorder or condition that has no present disabling effect, but that may become a mental disability[.]" Cal. Govt. Code § 12926(j)(3)-(5).

Plaintiff's First Amended Complaint with leave to amend his factual allegations, Plaintiff again fails to sufficiently plead specific, non-conclusory facts that place Defendant on notice of the disability discrimination claim against it and that, taken as true, plausibly suggest an entitlement to relief. *Blaisdell*, 729 F.3d at 1241 (pro se pleading must be liberally constructed).

Plaintiff alleges that Defendant was aware that he is a member of a protected class, as he disclosed a history of anxiety and depression as part of his admission to Defendant's training program. (Sec. Am. Compl., pp. 7-8.) Plaintiff also alleges he was able to perform the essential duties of the position to which he applied, as he had over 18 years of experience as a flight attendant at the time he was admitted to American Airlines' training program. (*Id.*, p. 7.) Defendant does not dispute that Plaintiff passed both the security and medical background clearances and began the training program without incident. Plaintiff fails, however, to demonstrate an adverse employment action motivated by a discriminatory motive.

After informing the training program Class Manager "he might need to go back on medication he was taking for anxiety[,]" Plaintiff alleges Defendant required him to comply with several conditions to demonstrate his fitness to continue in the American Airlines training program. (*Id.*, pp. 8-9.) On September 6, 2013, despite complying with those conditions, Plaintiff alleges he was "fired from the company" "because of his need for mental health medication." (*Id.*, pp. 9-10.) Although Plaintiff was previously provided leave to remedy the deficiencies of the factual allegations in his complaint, it remains unclear whether Plaintiff was terminated from the training program specifically because of his *impairment* or because of his *need for treatment/medication*. Instead, as alleged, it appears that a procedure was put into place and allowances were specifically made for Plaintiff to return to training. (*Id.*, pp. 8-10.) As alleged, there are no facts showing a causal nexus between Plaintiff's membership in a protected class and the alleged adverse employment action.

Therefore, based on the allegations of the Amended Complaint, the Court cannot conclude that a discriminatory motive existed behind Plaintiff's eventual termination from the training program. (*See* Sec. Am. Compl. p. 2-8.) As emphasized in this Court's order dismissing Plaintiff's First Amended Complaint, Plaintiff's Second Amended Complaint indicates that

Defendant offers a non-discriminatory reason for Plaintiff's termination: "supposed background check violations." (*See id.*, p. 9.)

Plaintiff has failed to allege facts establishing a *prima facie* claim for discrimination. Because Plaintiff has adequately demonstrated that he is unable to marshal facts sufficient to withstand scrutiny under Rule 12(b)(6), leave to amend would be futile. Plaintiff's first cause of action for discrimination pursuant to Cal. Govt. Code § 12940, *et seq.*, is therefore DISMISSED with prejudice and without leave to amend.

### 3. Plaintiff's Second Cause of Action for Failure to Engage in the Interactive Process is Insufficiently Pled

Though not listed in the new preface to Plaintiff's amended complaint, Plaintiff appears to reiterate his cause of action for failure to engage in the interactive process in violation of California Government Code § 12940(n). (*See* Sec. Am. Compl., p. 7.) Section 12940(n) imposes on employers a mandatory obligation to engage in the interactive process once an employee requests an accommodation for his or her disability, or when the employer itself recognizes the need for one. *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1188 (9th Cir. 2001). Under FEHA, an employer's failure "to engage in a timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations" is a violation of the statute separate from any failure to make reasonable accommodations for a qualified employee's disability. Cal. Govt. Code § 12940(n); *Wilson v. County of Orange*, 169 Cal. App. 4th 1185, 1193 (2009). Once initiated, the employer has a continuous obligation to engage in the interactive process in good faith. *Swanson v. Morongo Unified School Dist.*, 232 Cal. App. 4th 954, 971 (2014).

The interactive process "requires communication and good-faith exploration of possible accommodations between employers and individual employees with the goal of identifying an accommodation that allows the employee to perform the job effectively." *Yeager v. Corr. Corp. of Am.*, 944 F. Supp. 2d 913, 919 (E.D. Cal. 2013). To prevail on a § 12940(n) claim, a plaintiff must establish that (1) the employer had a duty to engage in the interactive process and (2) the employer failed to provide any reasonable accommodation. *Scotch v. The Art Ins. of California-Orange County*, 173 Cal. App. 4th 986, 1003 (2000) (citing *Wilson*, 169 Cal. App. 4th at 1193).

The employee must identify a reasonable accommodation that would have been available at the time the interactive process should have occurred to prevail at trial; however, plaintiffs are not required to identify such a reasonable accommodation at the pleading stage because often "[e]mployees do not have at their disposal the extensive information concerning possible alternative positions or possible accommodations which employers have." *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 379 (2015) (internal citation omitted).

Liberally construed, Plaintiff's Second Amended Complaint fails to plead any facts suggesting Defendant failed to engage in the interactive process. Despite guidance from this Court in its order dismissing Plaintiff's First Amended Complaint with leave to amend his factual allegations, Plaintiff again fails to allege non-conclusory facts plausibly stating a claim for relief for failure to engage in the interactive process. (*See* Sec. Am. Compl., p. 10 ("It is equally clear by the above facts . . . [that Defendant] failed to engage in the interactive process").) Aside form Plaintiff's conclusory allegation that "Defendants were bound to follow the law as set forth in FEHA and engage in a good faith interactive process," the Second Amended Complaint is devoid of any allegations that Plaintiff requested any accommodation, what accommodation was requested or to whom Plaintiff directed his request. (*See generally, id.*) *Twombly*, 550 U.S. at 555.

As discussed in this Court's order dismissing the First Amended Complaint,

> . . . even assuming that Plaintiff has indeed alleged a need for reasonable accommodations for his disability which would give rise to Defendant's obligation to engage in a good faith interactive process with him, it appears that Defendant did so – Plaintiff alleges that after he reported a need to resume taking anxiety medication for his medical disabilities, Defendant informed him of compliance requirements he would have to meet to be cleared to return to the training program. Rather than demonstrating Defendant's failure to engage in the interactive process, the Amended Complaint seems to establish that Defendant "voluntarily provided opportunities for Plaintiff to demonstrate he was medically fit for training."

(Doc. 25, p. 13.)

Plaintiff has failed to allege facts establishing a *prima facie* claim for failure to engage in the interactive process. Because Plaintiff has adequately demonstrated that he is unable to marshal facts sufficient to withstand scrutiny under Rule 12(b)(6), it is clear to the undersigned that leave

to amend would be futile.  Plaintiff's second cause of action for failure to engage in the interactive process pursuant to Cal. Govt. Code § 12940, *et seq.*, is therefore DISMISSED with prejudice and without leave to amend.

### 4.     Plaintiff's Third Cause of Action for Negligence is Insufficiently Pled

Plaintiff's third cause of action for "negligence" alleges Defendant "engaged in gr[o]ss negligence as it failed to provide adequate storage facilities that were in working order and failed to provide a safe, and secure environment for [Plaintiff] while in training, and [ ] fail[ed] to keep its security system cameras in working order, and [ ] fail[ed] to conduct a thorough and unbiased investigation as to the facts of the case." (*see* Sec. Am. Compl., pp. 3-4.)

Plaintiff has failed to plead the necessary elements to support a negligence claim.  "The elements of a cause of action for negligence are well established.  They are (a) a legal duty to use due care; (b) a breach of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury."  *Ladd v. Cnty. of San Mateo*, 12 Cal. 4th 913, 917 (1996) (internal quotation marks, citations, and alterations omitted).  Plaintiff does not state what, if any, conduct breached a duty owed to him or the employee or agent responsible for such acts.  Instead, Plaintiff concludes that Defendant somehow breached duties regarding "storage facilities," "a safe and secure environment," "security system cameras," and an "investigation as to the facts of the case." (Sec. Am. Compl., pp. 3-4.)  These conclusory allegations fall well short of the Rule 12(b)(6) standard to survive a motion to dismiss.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 540, 570.

Defendant contends that Plaintiff's negligence claims are subject to workers' compensation exclusivity.  (Doc. 34-1, p. 12.)  Claims for acts occurring in the normal course of the employer-employee relationship are barred by workers' compensation exclusivity principles.  *Ortiz v. Lopez*, 688 F. Supp. 2d 1072, 1087-88 (E.D. Cal. 2010) (citing *Livitsanos v. Super. Court*, 2 Cal. 4th 744 (1992); *Coit Drapery Cleaners, Inc. v. Sequoia Ins. Co.*, 14 Cal. App. 4th 1595, 1606 (1993)) (claims against employer for negligent supervision barred by workers' compensation exclusivity); Cal. Labor Code 3600 *et seq*.  Although claims of negligence are not necessarily preempted by the workers' compensation exclusivity, such as in cases where the "defendant's misconduct exceeds the normal risk of the employment relationship," *Fretland v. Cnty. of Humboldt*, 459 F. Supp. 2d

959, 1492 (1999), Plaintiff once again fails to allege facts demonstrating an exception to the workers' compensation exclusivity.  Negligence in responding to claims of harassment and discrimination, based on accusations of discrimination, are "not a normal risk of the compensation bargain."  *Scott v. Solano Cnty. Health & Social Servs.*, 459 F. Supp. 2d 959, 971 (E.D. Cal. 2006).  Plaintiff's conclusory allegations of Defendant's negligence appear to fall unambiguously within the ambit of workers' compensation exclusivity.  *See Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 713-14 (1994) (indicating the workers' compensation exclusivity provisions always bar negligence claims).

Plaintiff has failed to allege facts establishing a *prima facie* claim for negligence.  Because Plaintiff has adequately demonstrated that he is unable to marshal facts sufficient to withstand scrutiny under Rule 12(b)(6), and because even were Plaintiff to clearly articulate facts meeting the *prima facie* elements of a negligence claim it would be preempted by workers' compensation exclusivity, it is clear to the undersigned that leave to amend would be futile.  Plaintiff's third cause of action for negligence is therefore DISMISSED with prejudice and without leave to amend.

**5.    Plaintiff's Fourth Cause of Action for "Violation of Prior Compromise and Release or Confidentiality Laws" is Insufficiently Pled**

Plaintiff's fourth cause of action, added to the Second Amended Complaint outside of the leave to amend granted by the Court in dismissing the First Amended Complaint, must be dismissed pursuant to both Rules 12(b)(6) and 15(a)(2) of the Federal Rules of Civil Procedure.  It is undisputed that Plaintiff did not receive the Court's leave to add a new cause of action, (*see* Doc. 25 (Court's order dismissing with leave to amend only to address the pleading deficiencies of the First Amended Complaint)), and that Defendant has not given its written consent for Plaintiff to amend his complaint to add new claims (*see* Doc. 34-1, pp. 12-13).

Even had Plaintiff obtained leave to add a fourth cause of action, aside from his conclusory allegation that Defendant and another airlines company "shared confidential and private information about [Plaintiff's] prior work record" (Sec. Am. Compl., pp. 4-5), Plaintiff provides no factual allegations to support this claim.  Plaintiff does not plead the existence of any contract,

let alone a breach thereof. Plaintiff does not plead any duty of Defendant's with respect to information regarding Plaintiff's employment with another airline company, does not plead any facts regarding when the alleged misconduct occurred or what employees or agents of Defendant engaged in the alleged misconduct, or what harm was allegedly suffered as a result of the alleged misconduct. As such, Plaintiff's improperly inserted fourth cause of action for "violation of prior compromise and release or confidentiality laws" is DISMISSED with prejudice and without leave to amend.

**B.    Leave to Amend Would Be Futile**

Plaintiff's Complaint must be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The Ninth Circuit has repeatedly cautioned that *pro se* complaints "may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)). Here, it is clear that further amendments would be futile, as Plaintiff has demonstrated that he is unable to marshal facts sufficient to state a claim. Plaintiff's Amended Complaint is therefore DISMISSED with prejudice and without leave to amend.

### V.    CONCLUSION AND ORDER

For the reasons set forth above, it is HEREBY ORDERED that:

1. Defendant's motion to dismiss the second amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is GRANTED;
2. The case is DIMISSED with prejudice and without leave to amend; and
3. The Clerk of Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:    **June 20, 2016**                          /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE